[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR NONSUIT AND RELATED MOTIONS
The plaintiff's complaint alleges malicious prosecution (count 1), slander (count 2), and intentional infliction of emotional distress, (count 3), all based on an April, 1992 incident in which, he claims, the defendant procured the plaintiff's arrest by giving false information to the police. The defendant has denied the material allegations of the complaint.
Most of the activity in this case has been devoted to squabbles over discovery. Of particular relevance in connection with the present motions is the defendant's effort to obtain information about the plaintiff's felony convictions, if any, and documentation of his claimed economic damages. The defendant moved for an order of compliance regarding these items on October 21, 1996, which motion Judge Blue denied after hearing oral argument on January 13, 1997 "without prejudice on the condition that a supplemental disclosure is made by the close of business on January, 27th."
On January 28, 1997, the defendant moved again for nonsuit, alleging that the supplemental disclosure ordered by Judge Blue had not been provided. That motion came to the undersigned, who, in the absence of any claim by the plaintiff that the information CT Page 10065 had been provided or that good cause existed for not providing it, entered judgment of nonsuit on July 21, 1997.
On August 27, 1997, the plaintiff moved to open the judgment of nonsuit. The undersigned denied this motion without prejudice but ordered that "plaintiff may move again to open judgment of nonsuit, (within four months of date nonsuit entered) upon certifying complete compliance with Judge Blue's orders." (Emphasis in original) This order was entered on September 23, 1997.
In a motion dated November 18, 1997, but not file stamped until December 22, 1997, the plaintiff once again moved to open judgment. The undersigned scheduled the matter for oral argument on February 2, 1998.
At this hearing, it became clear just how petty the issues dividing the parties were and how easy it would have been to have avoided this entire controversy. The first of the two discovery items in dispute was a single interrogatory that requested information regarding the plaintiff's prior felony convictions. The plaintiff's position was that he didn't know whether he had a felony record. Although Judge Blue, at the January 13, 1997 hearing, had suggested that this information might be as be as easy for the defendant to obtain on his own as for the plaintiff, he did not order the defendant to do so. Indeed, he suggested that plaintiff simply respond to the interrogatory by stating that he does not remember, to which plaintiff's counsel replied, "All right. We will revise our answer to indicate he can't recall." Thereafter, he plaintiff's attorney never undertook any action to find out whether he had a criminal record, nor did she ever seek to document the contention, made for the first time during the course of the February 2, 1998 argument, that plaintiff was so mentally disabled that he could not recall whether or not he had a criminal record.
The second issue was a request for production with regard to the expenses that the plaintiff had allegedly incurred as a result of his false arrest. Apparently, the only such expense was the retainer paid to his attorney to prosecute the instant civil action. Although the defendant had repeatedly requested the production of documentation of this retainer, none had been forthcoming.
At the close of the February 2, 1998 hearing, the undersigned CT Page 10066 agreed to take the papers and indicated his willingness to open the nonsuit upon the prompt filing of proof that compliance had been provided by the plaintiff. The court specifically noted as to the first issue that a statement under oath to the effect that the plaintiff could not answer the interrogatory about his criminal record because he does not remember would be sufficient. The deadline set by the undersigned for proof of compliance was 4:00 p. m. on February 3, 1998, and plaintiff's counsel offered no objection to this procedure. It is important to mention at this juncture that at no time during the course of oral argument or during the course of any of the proceedings regarding discovery, did plaintiff's counsel claim any difficulty in locating her client as a justification for noncompliance.
On February 3, the plaintiff's counsel hand delivered a letter to the court, with a copy to opposing counsel, which read as follows:
Attached is a proposed supplemental response to defendant's interrogatories as ordered by the Court on February 2, 1998.
I attempted to contact Mr. Hartney numerous times by telephone yesterday and this morning and I have not yet reached him.
I anticipate that I will be able to obtain his certification within the next three (3) days, assuming he is not on a vacation.
I spoke with his brother, who told me he still resides at the same address with the same telephone number. He did not know his brother's exact whereabouts yesterday and this morning.
Attached to the letter was an unsigned, unsworn response, drafted for the plaintiff's signature by his attorney. The proposed response stated that plaintiff could not recall whether he had felony convictions within the past ten years, and that his only economic expense was the $5,000 retainer paid to the plaintiff.[1]
Having received the above correspondence, the undersigned delayed his ruling until Friday, February 6, 1998, the date by which counsel anticipated that she would obtain her client's certification. Having received no confirmation of certified responses in compliance with this court's order, the undersigned denied the motion to open nonsuit on February 6, 1998. CT Page 10067
The plaintiff was apparently located by February 17, 1998, for on that date he certified responses to the defendant's discovery requests in accordance with the representations that his counsel had made at the hearing, namely that he had no recollection of being convicted of a felony within the previous ten years and that he had paid a $5,000 retainer to his attorney in the present action. Plaintiff's counsel appears to have been under the impression that furnishing the signed document on February 17 undid the nonsuit.
The plaintiff now seeks what he calls a "clarification" of this court's February 6, 1998 order, but in fact, there is not much to clarify. The plaintiff failed to comply in timely fashion with clear orders of judges of this court concerning relatively insignificant issues of discovery. The insignificance of these issues, however, is not material to the way this case must be resolved. The plaintiff had ample opportunity to resolve these minor issues favorably, and he let those opportunities slip away.
More significant, and apparently unnoticed (or at least not commented upon) at the February 6, 1998 oral argument, is the fact that the motion to open nonsuit which is the subject of the plaintiff's current request for "clarification" was in fact not filed in this court until December 22, 1997 more than five months after the judgment of nonsuit entered against him. When the undersigned denied without prejudice the August 27, 1997 motion to open, he made it quite clear that any renewal of this motion would have to be filed within the four month window from the date of judgment provided by what is now Practice Book Sec. 17-4. This court therefore lacks jurisdiction to open the judgment of nonsuit which entered on July 21, 1997.
For all these reasons, the order of the court dated February 6, 1998 denying the plaintiff's motion to open judgment of nonsuit remains in effect.
Jonathan E. Silbert, Judge